# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANITA M. VANDERWIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-CV-4178 |
| | ) | |
| SCHAWK USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is a motion to remand. Plaintiff Anita Vanderwiel originally filed this complaint in the Circuit Court of Cook County. Defendant Schawk USA, Inc. ("Schawk") timely removed the case to the District Court. In its petition for removal, Schawk stated that the dispute addresses the amount of severance pay due to Vanderwiel under the company's Severance Pay Plan, an "employee welfare benefits plan" as defined in ERISA § 3(1), 29 U.S.C. § 1002(1). Therefore, Schawk argues, this court has original jurisdiction under 28 U.S.C. 1331 and 29 U.S.C. § 1132(e). Vanderwiel argues, on the other hand, that the complaint seeks only unpaid wages and no federal question is presented. She therefore requests remand to the state court. For the reasons set forth below, we deny her motion.

## BACKGROUND

On January 5, 2012, Vanderwiel was terminated from her employment with Schawk and provided with a Notice of Termination ("Notice"). (Compl. ¶ 5.) The Notice contained information about severance pay and other benefits as well as an Agreement and General

Release ("Agreement"). (*Id.*) The Notice specifically indicated that she was eligible for 84 days of severance pay at a rate of $154.25 a day, or a total of $12,957.00. (*Id.* ¶ 6.) Vanderwiel accepted the terms of the severance package and signed the Agreement. (*Id.* ¶ 8.) However, the Severance Pay Plan provides for a "maximum of 8 weeks" (i.e. 40 days) of severance pay, thus the calculation based on 84 days was allegedly a mistake. (Opp'n at 2; Notice of Removal Ex. B at 5.) Accordingly, on January 17, 2012, Vanderwiel was informed that Schawk had made a mistake with regards to her severance pay and provided a second Notice of Termination ("Second Notice") the following day. (Compl. ¶ 9.) The Second Notice indicated that Vanderwiel was eligible for only 40 days of severance pay, at the same rate, for a total of $6,170.00. (*Id.* ¶ 10.)

Vanderwiel subsequently demanded that Schawk honor the Agreement as executed on January 5, 2012 and sought full payment of the $12,957. Schawk refused to pay the larger sum, and Vanderwiel has brought this suit alleging violation of Section 14 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/14. (*Id.* ¶ 11.)

## STANDARD OF REVIEW

Defendants can remove cases filed in state court to federal court pursuant to 28 U.S.C. § 1441(a) when: (1) the plaintiff properly commenced the action in state court; and (2) the federal court has original jurisdiction. *See Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 248 (7th Cir. 1981). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. LA Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 549 (7th Cir. 2004) ( "[T]he

2

party seeking to invoke federal jurisdiction . . . bears the burden of demonstrating that removal is proper."); *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Any doubt regarding jurisdiction should be resolved in favor of the states."); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

Federal courts have original jurisdiction in "federal question" cases: cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S. Ct. 2488, 2494 (2004) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9–10, 103 S. Ct. 2841 (1983)). However, an exception arises "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8, 123 S. Ct. 2058, 2063 (2003); *Davila*, 542 U.S. at 207, 124 S. Ct. at 2494. "'[T]he ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health and Welfare*, 538 F.3d 594, 596 (7th Cir. 2008) (quoting *Davila*, 542 U.S. at 209, 124 S. Ct. at 2496 (internal quotations omitted)).

Therefore, we must now decide whether Vanderwiel's state law cause of action is completely preempted by ERISA. The Seventh Circuit follows a two prong test to determine "when a claim has been completely preempted by ERISA:"

> [I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated

by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Franciscan Skemp Healthcare, Inc.*, 538 F.3d at 597 (quoting *Davila*, 542 U.S. at 210, 124 S. Ct. at 2496).

## ANALYSIS

The first prong of the test articulated in *Davila* requires us to decide whether Vanderwiel could have brought this claim under ERISA. *See Davila*, 542 U.S. at 210, 124 S. Ct. at 2496. Section 502(a)(1)(b) of ERISA allows a plaintiff "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(b).

Vanderwiel asserts that this action could not have been brought under ERISA because the payment she is seeking is "carved out of the plan by [D]efendant's own language." (*Id.*) Specifically, Vanderwiel refers to the description of "Severance Payment," in the Agreement, which provides, "[t]his payment shall be treated as wages and subject to all taxes and other payroll deductions required by law. It shall not be considered compensation for retirement plan or other benefit plan purposes, including 401(k) matching." (Compl. Ex. B ¶ 296.) Vanderwiel argues that this language makes her claim one to collect wages under the Illinois Wage Payment and Collection Act rather than a claim to collect benefits under ERISA. (Mot. ¶ 5.) However, this language does not change the nature of the payment. The documents articulate a clear distinction between wages and severance. The Notice of Termination describes "Final Pay" to include "earnings if any through your date of termination, as well as adjustments for accrued and unused vacation, if any," while it describes "Severance Pay" by explaining that Vanderwiel, "will be eligible for 84 days of pay at [her] current rate of $154.25 per day, less applicable

withholdings and payroll deductions in accordance with the attached Agreement." (Compl. Ex. A at 1–2.) The Agreement further distinguishes between wages and severance pay. The first numbered paragraph, under the title "Employment Status," provides, "Employee shall be paid his/her wages earned through the Termination Date and for any days of earned unused vacation." (Compl. Ex. B ¶ 295.) The next paragraph, titled "Severance Pay," provides that "Company will pay Employee in one lump sum payment the total gross sum of Twelve thousand Nine hundred Fifty Seven dollars." (Compl. Ex. B ¶ 296.) These provisions demonstrate that severance payments are distinct from wage payments, despite the language quoted by Vanderwiel.[1] Moreover, the funds sought by Vanderwiel are unquestionably severance payments, not wages. (*See* Compl. ¶¶ 8, 11, A (seeking $12,957 in severance).) Thus Vanderwiel could have brought this action under § 502 of ERISA to "recover benefits due to [her] under the terms of [her] plan." 29 U.S.C. § 1132(a)(1)(b), and prong one is not satisfied.

The second prong of the *Davila* analysis asks whether there is an independent legal duty to pay the severance claimed apart from the ERISA eligible plan, and Vanderwiel's allegation fails to satisfy this prong as well. The parties do not appear to dispute that the Severance Pay Plan is an "employee welfare benefit plan" as defined under ERISA, and Vanderwiel admits that she is a participant under the plan. (Mot. ¶ 6; Notice of Removal ¶ 10.) To become eligible under the Severance Pay Plan, employees must sign an Agreement and General Release—Vanderwiel signed such Agreement on January 5, 2011. (Notice of Removal Ex B at 6; Compl. ¶ 8.) Further, Vanderwiel's only allegation that Schawk is liable for the full $12,957

---

[1] Schawk explains that the cited language is included in the agreement to inform employees about how severance pay is treated under the Internal Revenue Code for tax withholding and benefit plan purposes. (Opp'n at 7.)

5

cites directly to the Agreement. (Compl. ¶ 11 ("Vanderwiel has demanded Corporation honor the Agreement as executed by her on January 5, 2012.").) In other words, the alleged legal duty owed to Vanderwiel cannot be decided without reference to plan documents and is not independent of an ERISA eligible plan.[2]

## CONCLUSIONS

For the reasons set forth above, we find that Vanderwiel's state law claim is completely preempted by ERISA, and federal question jurisdiction is present. Accordingly, the motion to remand is denied.[3] It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
       August 30, 2012

---

[2] The case cited in support of Vanderwiel's position is not persuasive as it addresses whether the state law claim is expressly preempted under § 114(a). "ERISA preemption under § 514(a), standing alone, does not . . . create federal removal jurisdiction over a claim pled under state law in state court." *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir. 1997) (citing *Franchise Tax Board of Cal.*, 463 U.S. at 25–26, 103 S. Ct. at 2854–55). "Only state claims that come within ERISA's civil enforcement provisions in § 502(a) are completely preempted such that removal to a federal court is appropriate." *Id.* (citing *Metropolitan Life*, 481 U.S. at 63–65, 107 S. Ct. at 1546–47).

[3] Schawk's motion to dismiss is pending, and that decision will be issued in a separate order.