UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANITA M. VANDERWIEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCHAWK USA, INC., )<br>)<br>Defendant. ) | No. 12 C 4178<br>Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Anita Vanderwiel ("Vanderwiel") originally filed her complaint in the Circuit Court of Cook County, alleging violation of the Illinois Wage Payment and Collection Act. Defendant Schawk USA, Inc. ("Schawk") timely removed the case, arguing that the dispute arose under an "employee welfare benefits plan" as defined in ERISA §3(1), 29 U.S.C. §1002(1). In our August 30, 2012 ruling denying Vanderwiel's motion for remand, we held that ERISA completely preempted Vanderwiel's state law claim. Currently before us is Defendant Schawk's Motion to Dismiss, which argues that: (1) Vanderwiel is not entitled to the relief sought as a matter of law; and (2) Vanderwiel failed to exhaust the administrative remedies required by the plan. In response, Vanderwiel continues to argue that her claim is not covered by ERISA. For the reasons set forth below, we grant Schawk's Motion to Dismiss.

### BACKGROUND

On January 5, 2012, Vanderwiel was terminated from her employment with Schawk and provided with a Notice of Termination ("Notice"). (Compl. ¶ 5.) The Notice contained information about severance pay and other benefits as well as an Agreement and General

Release ("Agreement"). (*Id.*) The Notice specifically indicated that she was eligible for 84 days of severance pay at a rate of $154.25 a day, or a total of $12,957.00. (*Id.* ¶ 6.) Vanderwiel accepted the terms of the severance package and signed the Agreement. (*Id.* ¶ 8.) However, the Severance Pay Plan provides for a "maximum of 8 weeks" (i.e., 40 days) of severance pay, thus the calculation based on 84 days was allegedly a mistake. (Opp'n at 2; Notice of Removal Ex. B at 5.) Accordingly, on January 17, 2012, Vanderwiel was informed that Schawk had made a mistake with regards to her severance pay and provided a second Notice of Termination ("Second Notice") the following day. (Compl. ¶ 9.) The Second Notice indicated that Vanderwiel was eligible for only 40 days of severance pay, at the same rate, for a total of $6,170.00. (*Id.* ¶ 10.)

Vanderwiel subsequently demanded that Schawk honor the Agreement as executed on January 5, 2012 and sought full payment of the $12,957. Schawk refused to pay the larger sum, and Vanderwiel filed this suit. (*Id.* ¶ 11.)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). Pursuant to Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a court may

grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1949–50 (2009); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

## ANALYSIS

Having previously determined that ERISA preempted Vanderwiel's state law claim, we must now consider whether Vanderwiel exhausted her internal administrative remedies before filing suit. ERISA requires that "every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary." 29 U.S.C.A. § 1133. "As a pre-requisite to filing suit, an ERISA plaintiff must exhaust his internal administrative remedies." *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002); *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 873 (7th Cir. 1997). The purpose behind this requirement is to "minimiz[e] the number of frivolous lawsuits, promot[e] non-adversarial dispute resolution, decreas[e] the cost and time necessary for claim settlement. . . [and] enable[] the compilation of a complete record in preparation for judicial review." *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 808 (7th Cir. 2000); *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 649 (7th Cir. 1996).

3

There are two exceptions to the exhaustion requirement. The first exception, futility, requires a plaintiff to show that "it is certain that [her] claim will be denied on appeal, not merely that she doubts that an appeal will result in a different decision." *Lindemann*, 79 F.3d at 650. The second exception occurs when there "is a lack of meaningful access to the review procedures." *Smith v. Blue Cross & Blue Shield United of Wisc.*, 959 F.2d 655, 659 (7th Cir. 1992). A lack of meaningful access occurs when a "claimant attempts to initiate higher levels of review procedure, but a party has denied claimant access to higher levels of review." *Carter v. Signode Indus., Inc.*, 688 F. Supp. 1283, 1287 (N.D. Ill. 1988).

Schawk's Severance Pay Plan provides that "[a]n employee . . . may file a written claim with the Plan Administrator with respect to his or her rights to receive a benefit from the plan." (Notice of Removal Ex. B at 10.) If the claim is denied, the employee may appeal the Plan Administrator's opinion to the Plan Administrative Committee. (*Id*.) It is only after the Plan Administrative Committee denies the employee's appeal that all internal administrative remedies have been exhausted. (*Id*. at 11.)

Vanderwiel does not allege in her complaint, nor in her response to Schawk's Motion to Dismiss, that she filed a written complaint with the Plan Administrator or appealed a rejection by the Plan Administrator to the Plan Administrator Committee. (*See* Compl. ¶¶ 1–11; Mot. to Dismiss Resp.) Rather, Vanderwiel states that "three days before this action was brought Vanderwiel demanded [Schawk] honor the agreement . . . but [Schawk] refused." (Compl. ¶ 11.) This demand does not conform to the administrative procedures outlined in Schawk's Severance Pay Plan. Neither does Vanderwiel claim that an attempt to appeal the denial of her claim would have been futile, or that Schawk denied her access to the appeal process. In the absence of any

4

allegations regarding the required administrative procedures, we must dismiss the complaint for failure to exhaust administrative remedies.[1]

## CONCLUSION

For the reasons set forth above, we grant Schawk's motion to dismiss. It is so ordered.

                                              Marvin E. Aspen
                                              United States District Judge

Dated: Chicago, Illinois
        October 16, 2012

---

[1] Having decided the issue based on Vanderwiel's failure to exhaust the administrative procedures required by the Severance Pay Play and ERISA, we decline to address Schawk's argument that Vanderwiel is not entitled to relief as a matter of law.